UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON TUCKER, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, et al.,<br><br>  Defendants. | Case No. 17-cv-04613-HSG<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Dkt. Nos. 14, 18 |

Pending before the Court is Defendant Diane Frazier's motion to dismiss the negligent misrepresentation claim against her, Dkt. No. 14, and Plaintiffs Don Tucker and Martin Aguilar's motion to remand for lack of diversity jurisdiction, Dkt. No. 18. Because subject-matter jurisdiction is a threshold issue, the Court addresses Plaintiffs' motion to remand first.

## I. LEGAL STANDARD

A defendant may remove a state court action to federal court on the basis of diversity of citizenship. 28 U.S.C. § 1441(b); *see also* 28 U.S.C. § 1332. Diversity jurisdiction exists only where there is: (1) complete diversity between the residency of the plaintiffs and the defendants; and (2) a sufficient amount in controversy. 28 U.S.C. § 1332(a). Where either element of diversity is lacking, federal courts must remand the action to the state court. *See id.* § 1447(c).

However, a district court may disregard a non-diverse party and retain federal jurisdiction if the party resisting removal can show that the non-diverse party was fraudulently joined. *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). Joinder is fraudulent "if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.* However, there is a "general presumption against fraudulent joinder," and defendants who assert that a party is fraudulently joined carry a "heavy burden." *Id.*

at 1046. Defendants must "show that the individuals joined in the action cannot be liable on any theory." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).

## II. ANALYSIS

Here, Plaintiffs are residents of California and so is Defendant Frazier. *See* Dkt. No. 1, Ex. A ("Compl.") ¶¶ 7–10. The Court finds that Defendants have failed to meet their "heavy burden" of establishing fraudulent joinder. *Id.* at 1046. The California Court of Appeal has opened the door to claims against insurance adjusters, holding that "a cause of action for negligent misrepresentation can lie against an insurance adjuster." *See Bock v. Hansen*, 255 Cal. App. 4th 215, 231 (Cal. Ct. App. 2014). In *Bock*, homeowners sued their insurer and the claims adjuster for damages caused when a tree limb crashed onto the plaintiffs' home. *See id.* at 219. The plaintiffs brought, *inter alia*, a negligent misrepresentation claim against the adjuster based on his allegedly false statement that the plaintiffs' policy did not cover the cost of cleanup. *See id.* at 223. The Court of Appeal concluded that the insurance adjuster owed a duty of care to the homeowners and that he could be held liable for his characterization of the insurance policy. *See id.* 229–30.

Here too, Plaintiffs allege that Defendant Frazier, an insurance adjuster for Defendant Travelers Indemnity Company of Connecticut, stated that Travelers would deny all coverage because Tucker's insurance excluded injuries arising from work done on residential property. Compl. ¶¶ 4, 11–12. Plaintiffs' negligent misrepresentation claim is premised on this allegedly "false and untrue" statement because, according to Plaintiffs, "the [p]olicy does not contain an exclusion for injuries arising from work at a family residence" and Defendant Frazier should have known this. *Id.* ¶¶ 12, 43–44. Regardless of whether *Bock* may represent a minority view among California courts, the decision demonstrates that it is not obvious under California law that Plaintiffs cannot state a negligent misrepresentation claim of the type they have alleged here against Defendant Frazier.

## III. CONCLUSION

Because the Court lacks subject matter jurisdiction, it **REMANDS** the case to San Francisco Superior Court. The motion to dismiss is **MOOT** and the Clerk is directed to remand

2

the case to the state court and to close the federal case.

**IT IS SO ORDERED.**

Dated: 10/4/2017

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge